021913Nf

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

JOHN RUDISH,

      Plaintiff,

vs.

INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL
234, and
INTERNATIONAL UNION OF
OPERATING ENGINEERS,

      Defendants.

No. 11cv53

ORDER

This matter is before the court on defendants' resisted Joint Motion to Dismiss, filed July 5, 2012, defendants' resisted Motion for Summary Judgment, filed August 23, 2012, plaintiff's resisted Motion for Judgment, filed August 24, 2012, and plaintiff's resisted Motion to Find Defendants Committed Malfeasance, filed November 14, 2012.   Defendants' Motion to Dismiss, plaintiff's Motion for Judgment, and plaintiff's Motion to Find...Malfeasance denied.   Defendants' Motion for Summary Judgment granted.

Plaintiff, a resident of Anamosa, Iowa, brings this action against defendant International Union of Operating Engineers Local 234 (Local 234), a labor union with its principal place of business in Des Moines, Iowa, and defendant International Union of Operating Engineers (IUOE), the governing labor union over Local 234, with its principal place of business in Washington D.C., seeking

damages and equitable relief arising from his claimed wrongful expulsion from membership in defendants' organizations in violation of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 USC §§401-531.   The court has jurisdiction pursuant to 28 USC §1331.

In his Complaint, plaintiff asserts that he was the subject of a union charge accusing him of "defaming and slandering a brother member, accusing officers of felonious actions with members' assets, and death threats against an officer of Local 234."   The union charge was tried by Local 234, resulting in plaintiff's expulsion therefrom.

In Count 1, plaintiff asserts that the union charge does not meet the standards of 29 USC §411(a)(5), that there was no prima facie case for his union trial, and that Local 234 abused its discretion in ordering his expulsion.

In Count 2, he asserts that Local 234 shouldn't file a union charge based upon a related state criminal charge, and that the resolution of the union charge should have awaited adjudication of the state criminal charge.   He further asserts that Local 234 violated his constitutional rights by putting him on trial for the union charge prior to the adjudication of his state criminal case.

29 USC §411(a)(5) provides:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined…unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a fair hearing.

Id.

Defendants seek summary judgment, asserting that plaintiff's claims are barred by issue preclusion, collateral estoppel, and failure to exhaust administrative remedies.   Further, defendants urge that plaintiff was fully afforded due process through every stage of proceedings.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences.   Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986).   However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.   Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

It appears undisputed that the union charges against Rudish were initiated by a letter from Local 234 member William Getting, charging Rudish with "defaming and slandering a brother member, accusing officers of felonious actions with members assets, and death threats against an officer of the Local." Plaintiff's Exhibit A, p. 8.[1]   Thereafter, in a letter from Local 234 dated September 14, 2010, Rudish received notice of the charges, and notice of a union pretrial hearing to be held on September 25, 2010, for the purpose of making a

---

1.   Unless otherwise noted, citation to plaintiff's exhibits shall refer to those exhibits appended to his Complaint.

3

preliminary determination as to whether the charges had merit.   Plaintiff's Exhibit A, p. 9.   Rudish failed to appear at the union pretrial hearing.   Defendants' Statement of Undisputed Facts, docket #49-2, para. 15.

In an exchange of letters with Local 234 dated October 14, 2010, and October 15, 2010, counsel for Rudish received notice and acknowledged that the factual allegations of the union charge against Rudish were essentially the same as those set forth in the Trial Information against him in State v. Rudish, Criminal No. 01311 AGCR 091956, Iowa District Court for Dubuque County, to wit, threats against union member Donald Duehr. Plaintiff's Exhibit A, p. 11, 36.   See also Plaintiff's Exhibit A, p. 2-3, Trial Information filed August 31, 2010, with Minutes of Testimony, in State v. Rudish, supra.

The union trial was held on November 18, 2010, as reflected in the minutes thereof, upon the threats claimed to have been made by Rudish.   Plaintiff's Exhibit A, p. 15.   Rudish had the ability to testify, make a statement, call witnesses, and introduce exhibits at the union trial, if he chose to do so. Defendants' Statement of Undisputed Facts, docket #49-2, para. 7, 19; docket #49-13, Exhibit K, Rudish deposition, p. 37.   In a letter from Local 234 dated November 19, 2010, Rudish was advised that he was found guilty of the charge, and expelled from Local 234.   Plaintiff's Exhibit A, p. 16.   On December 15, 2010, Rudish appealed his expulsion from Local 234 to the IUOE General Executive Board, which denied his appeal on February 28, 2011.   Plaintiff's Exhibit A, pp. 17-20, 23.   On April 3, 2011, Rudish appealed the IUOE General

Executive Board denial to the IUOE General Convention.   Plaintiff's Exhibit A, pp. 56-59.   That appeal remains pending.   Defendants' Statement of Undisputed Facts, docket #49-2, para. 18.

On January 3, 2011, Rudish was tried upon the state criminal charges in State of Iowa v. Rudish, supra, and acquitted, with Judgment of Acquittal filed January 28, 2011.

In a letter to the US Dept. of Labor dated March 18, 2011, Rudish asserted he was improperly expelled from Local 234.   Plaintiff's Exhibit A, pp. 26-28. The US Dept. of Labor responded by letter dated March 25, 2011, providing information for review by Rudish.   Plaintiff's Exhibit A, p. 55.

On April 7, 2011, Rudish filed an unfair labor practice charge with the National Labor Relations Board (NLRB) against Local 234 and IUOE, charging them with a failure of fair representation by pressing criminal and union charges against him, prosecuting him in a union hearing, expelling him, and denying the appeal of his expulsion, with those actions alleged to have been in retaliation for his raising issues of union misconduct.   It appears undisputed that the claims forming the NLRB charges include those raised in this action.   Defendants' Statement of Undisputed Facts, docket #49-2, para. 14.   Following consideration of Rudish's charges, in a letter dated June 7, 2011, the NLRB Regional Director declined to issue a complaint, and dismissed the charges.   Defendants' Statement of Undisputed Facts, docket #49-13, Exhibit K, pp. 27-29.   In a letter dated July 20, 2011, the NLRB General Counsel denied Rudish's appeal from the

Regional Director's refusal to issue a complaint.   Defendants' Statement of Undisputed Facts, docket #49-13, Exhibit K, p. 30.   Rudish did not seek reconsideration of the General Counsel's decision.   See 29 CFR §102.19(c) (procedures for reconsideration).

On May 11, 2011, Rudish filed this action.

As to claimed noncompliance with 29 USC §411(a)(5), it appears undisputed that Rudish was given notice of the union charges against him, including the threat to another union member, and including notice to his counsel that the factual allegations of the union charge were essentially the same as those set forth in the Trial Information in State v. Rudish, supra.   This notice and writing to plaintiff's counsel satisfied the goal of giving an accused member notice of the conduct that he was expected to defend.   He was given time to prepare defenses, and he was afforded a fair hearing where he had the opportunity to testify, make a statement, call witnesses, introduce exhibits, and have representation.   The court notes that Rudish elected not to appear at the union pre-trial hearing, the purpose of which included further consideration of whether the union charges had merit.   While plaintiff urges that there was no prima facie case and no evidence supporting the charge, upon review of the record including plaintiff's Exhibit A, p. 15, some evidence was provided at the disciplinary hearing to support the charge, and that is sufficient to satisfy the standard of judicial review.   International Broth. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, AFL-CIO v. Hardeman, 401 US 233, 246 (1971).   Upon the

6

foregoing, including notice of charges taken together with the writing to plaintiff's counsel affirming that the factual allegations of the union charge were essentially the same as those set forth in State v. Rudish, supra, it is the court's view that plaintiff has failed to generate a disputed issue of material fact on the claim of noncompliance with 29 USC §411(a)(5), and accordingly, defendants are entitled to summary judgment thereon.

Turning to plaintiff's claim that Local 234 shouldn't file a union charge based upon alleged conduct that was also the subject of a state criminal charge, plaintiff has come forward with no authority precluding union charges based upon the same factual allegations giving rise to criminal charges, nor any authority requiring a stay of union proceedings pending resolution of state criminal charges. Likewise, plaintiff comes forward with no authority for the proposition that an acquittal in the state criminal charges would bar civil proceedings based upon the same alleged conduct, including the instant union charges. An acquittal in the state criminal case is not a finding of innocence – it is a finding that the charges were not proven beyond a reasonable doubt. With regard to plaintiff's claimed deprivation of unspecified constitutional rights by defendants, defendants are private entities and not state actors, and therefore absent more, they are not subject to plaintiff's constitutional claims.   National Collegiate Athletic Ass'n v. Tarkanian, 488 US 179, 191 (1988).

Defendants' Motion to Dismiss as a discovery sanction shall be denied. Plaintiff's Motion for Judgment, and Motion to Find Defendants Committed Malfeasance, shall be denied as without merit.   Defendants' Motion for Summary Judgment shall be granted in accordance herewith.   Due to the court's disposition of this matter, the court need not address defendants' remaining defenses.

It is therefore

ORDERED

Defendants' Motion for Summary Judgment granted.   All remaining motions denied.

February 19, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT